# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re

KELLY SHAWN HAMM

       Debtor

Case No.  04-32162

## MEMORANDUM ON TRUSTEE'S
## OBJECTION TO EXEMPTION

**APPEARANCES:**    F. CHRIS CAWOOD, ESQ.
        Post Office Box 124
        Kingston, Tennessee  37763
        Attorney for the Debtor

        McGEHEE, NEWTON, STEWART, COLE, DUPREE & BOSWELL
        John P. Newton, Esq.
        9700 Westland Drive
        Suite 101
        Knoxville, Tennessee  37922
        Chapter 7 Trustee

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court upon the Objection to Exemption filed by the Chapter 7 Trustee on April 13, 2005, as amended by the Trustee's Amended Objection to Exemption filed on May 27, 2005 (collectively, Objection). The Trustee objects to the Debtor's Amended Schedule C, filed on March 23, 2005, to the extent the Debtor claims an exemption of "settlement received for personal injuries resulting from bike/car accident on 04/09/04" in the amount of $1,657.00.[1]

The trial of this contested matter was held on August 15, 2005. The record before the court consists of four exhibits stipulated into evidence, along with the testimony of the Debtor.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(B) (West 1993).

# I

On April 9, 2004, the Debtor was involved in an accident in which he was struck by an automobile while riding a bicycle owned by his employer, West Bicycles.[2] The accident resulted in personal injuries to the Debtor, who required medical treatment, along with considerable property damage to the bicycle. On May 18, 2004, the Debtor executed a

---

[1] The parties stipulated that the Debtor has claimed an exemption of $1,657.10; however, the Amended Schedule C, itself, states $1,657.00. Nevertheless, the court will deem the correct amount of the Debtor's exemption to be $1,657.10, as provided in the Stipulations of Facts entered into evidence as Trial Exhibit 4.

[2] As part of the Debtor's employment, he was required to participate in biking events sponsored by his employer, who loaned him the use of a high-end bicycle.

Release and Settlement of All Claims (Release) with Tennessee Farmer's Mutual Insurance Company, the insurance carrier of the automobile owner, in which he agreed to a full and final settlement of any potential claims for personal injury and/or property damage for $6,500.00 (Settlement). *See* TRIAL EX. 1; TRIAL EX. 3. From this Settlement, the Debtor paid $3,450.00 to West Bicycles for the damage to the bicycle, $564.50 to Rural Metro, $553.00 to S.E. Emergency Physicians, and $275.40 to Fort Sanders Regional Medical Center. *See* TRIAL EX. 2. The Debtor retained the remaining $1,657.10.

The Debtor filed the Voluntary Petition commencing his Chapter 7 bankruptcy case on April 20, 2004, and he received his discharge on August 16, 2004. The Debtor did not list the accident or any potential settlement therefor in his original statements and schedules, and there were no objections filed to his claimed exemptions. The Debtor did not disclose receipt of the Settlement to the Trustee; however, after learning of the accident and the Settlement, the Trustee conducted an examination of the Debtor pursuant to Federal Rule of Bankruptcy Procedure 2004 on February 15, 2005, at which time he inquired as to the disposition of the funds. Following the Rule 2004 examination, the Debtor filed his Amended Schedules B and C, listing the remaining $1,657.10 as personal property and claiming an exemption therein pursuant to Tennessee Code Annotated section 26-2-111(2)(B) (2001 & Supp. 2004).[3]

The Trustee filed his Objection to the Debtor's Amended Schedule C, arguing that the

---

[3] *See supra* n. 1.

Debtor improperly, and without court approval, used $4,843.00 to pay medical and repair expenses associated with the accident and averring that the remaining $1,657.10 claimed by the Debtor was not actually for his "bodily injury" but instead, represented the Debtor's pecuniary loss.[4]

Pursuant to the Joint Statement of Issues filed on August 9, 2005, the issues before the court are (1) whether the Debtor's claim arising out of the April 9, 2004 accident was property of the estate; (2) whether the Debtor is "entitled to an exemption in [the Settlement] funds received postpetition if they were property of the estate and were used by the Debtor to pay prepetition unsecured debts without authority from the Trustee or Court;"[5] and (3) whether the Debtor can retain the remaining $1,657.10 under Tennessee Code Annotated section 26-2-111(2)(B), as payment for bodily injury when his accident resulted in only medical expenses incurred.

## II

The filing of a bankruptcy petition forms a debtor's bankruptcy estate, which consists of "all legal and equitable interests of the debtor in property as of the commencement of the case." *See* 11 U.S.C.A. § 541 (West 2004). Clearly, this definition includes a potential personal injury claim arising from a pre-petition automobile or bicycle accident, even if the

---

[4] The Trustee has also demanded that West Bicycles, Rural Metro, S.E. Emergency Physicians, and Fort Sanders Regional Medical Center turnover the $4,842.90 post-petition transfers from the Debtor.

[5] This issue, as stated by the parties, is not relevant because the Debtor does not claim the exemption in the Settlement funds he distributed to creditors. He only claims the exemption in the surplus.

claim is unliquidated and/or no legal action has been commenced on the date the petition was filed. *See In re Colombo*, 325 B.R. 587, 594 (Bankr. N.D. Iowa 2005); *In re Bippert*, 311 B.R. 456, 466 (Bankr. W.D. Tex. 2004); *In re Robinson*, 292 B.R. 599, 606 (Bankr. S.D. Ohio 2003). Additionally, "the fact that . . . causes of action may have borne fruit in settlement or judgment after commencement of the bankruptcy case does not transform them into post-petition property of the debtor – excluded from the bankruptcy estate[.]" *In re Ballard*, 238 B.R. 610, 624 (Bankr. M.D. La. 1999) (quoting *Wischan v. Adler (In re Wischan)*, 77 F.3d 875, 877 (5th Cir. 1996)).

Even so, debtors may exempt property pursuant to 11 U.S.C.A. § 522, which provides, in material part:

> (b)  Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. . . . Such property is —
>
> > (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
> >
> > (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place[.]

11 U.S.C.A. § 522 (West 2004); *see also* FED. R. BANKR. P. 4003. Exempted property "is subtracted from the bankruptcy estate and not distributed to creditors . . . [to ensure that the

debtor] retains sufficient property to obtain a fresh start[.]" *In re Arwood*, 289 B.R. 889, 892 (Bankr. E.D. Tenn. 2003) (quoting *Lawrence v. Jahn (In re Lawrence)*, 219 B.R. 786, 792 (E.D. Tenn. 1998)). Accordingly, exemptions are construed liberally in favor of debtors. *In re Nipper*, 243 B.R. 33, 35 (Bankr. E.D. Tenn. 1999). As with property of the estate, a debtor's exemptions are determined as of the date upon which the bankruptcy case was commenced. *See* 11 U.S.C.A. § 522(b). Nonetheless, pursuant to Rule 4003 of the Federal Rules of Bankruptcy Procedure, any party in interest may object to the exemptions claimed by a debtor, although that party bears the burden of proof that exemptions are improperly claimed. FED. R. BANKR. P. 4003(b), (c). If the objecting party fails to establish by a preponderance of the evidence that an exemption is improperly claimed, the exemption will retain its prima facie presumption of correctness and will stand. *In re Mann*, 201 B.R. 910, 915 (Bankr. E.D. Mich. 1996).

Section 522 allows states to "opt out" of the federal exemptions enumerated in § 522(d) in favor of their own. *Arwood*, 289 B.R. at 892. Pursuant to Tennessee Code Annotated section 26-2-112, Tennessee has "opted out" of the federal exemptions:

> **Exemptions for the purpose of bankruptcy**. — The personal property exemptions as provided for in this part, and the other exemptions as provided in other sections of the Tennessee Code Annotated for the citizens of Tennessee, are hereby declared adequate and the citizens of Tennessee, pursuant to section 522(b)(1), Public Law 95-598 known as the Bankruptcy Reform Act of 1978, Title 11 USC, section 522(b)(1), are not authorized to claim as exempt the property described in the Bankruptcy Reform Act of 1978, 11 USC 522(d).

TENN. CODE ANN. § 26-2-112 (2001); *see also Rhodes v. Stewart*, 705 F.2d 159, 161-62 (6th Cir.

1983) (finding Tennessee's "opt-out" statute is constitutional); *Arwood*, 289 B.R. at 892.

Accordingly, debtors in Tennessee are required to use Tennessee's statutory exemptions.

The following exemption statute is at issue in this contested matter:

**Additional exemptions – . . . Awards –** . . . In addition to the property exempt under § 26-2-103[6], the following shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee:

. . . .

(2) The debtor's right not to exceed in the aggregate fifteen thousand dollars ($15,000) to receive or property that is traceable to:

. . . .

(B) A payment, not to exceed seven thousand five hundred dollars ($7,500) on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent[.]

TENN. CODE ANN. § 26-2-111(2)(B).[7] The Trustee argues that the Settlement did not include a claim for bodily injury, as required by the statute, but instead, merely reimbursed the Debtor's pecuniary losses. The Debtor argues that his being taken to the hospital in an ambulance for medical treatment following the accident evidences that he suffered bodily harm of at least $1,657.10.

---

[6] Section 26-2-103 (2001) grants debtors an exemption in personal property in the aggregate amount of $4,000.00.

[7] The language of this statute mirrors that found in § 522(d)(11)(D), other than the amount of the exemption.

Because the language of section 26-2-111(2)(B) mirrors that of 11 U.S.C.A. § 522(d)(11)(D), other than the amount of the exemption, other courts have looked to the legislative history of the federal exemption statute to determine what that provision is actually intended to cover. *See, e.g., In re Chaney*, 151 B.R. 147, 149 (Bankr. W.D. Tenn. 1993); *In re Haga*, 48 B.R. 492 (Bankr. E.D. Tenn. 1985).

> The legislative history to the federal exemption indicates that the provision "is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings."

*Haga*, 48 B.R. at 495 (quoting H.R. REP. NO. 595, 95th Cong., 1st. Sess. 362, reprinted in 1978 U.S. Code Cong. & Ad. News 5963, 6318). There is no requirement in either the Tennessee or federal statute that a debtor's bodily injury be permanent to be exempted. *See, e.g., In re Lawton*, 324 B.R. 20, 23 (Bankr. D. Conn. 2005); *In re Barner*, 239 B.R. 139, 145 (Bankr. W.D. Ky. 1999). However, in order to qualify for the exemption, the debtor must "demonstrate[] that an actual, cognizable physical injury has been suffered, and 'that the actual injury is substantial enough to reasonably account for the value of the claimed exemption.'" *Barner*, 239 B.R. at 143 (quoting *In re Lester,* 141 B.R. 157, 164 (S.D. Ohio 1991)).

When a settlement or verdict is silent as to the allocation of awards, the court must look to the facts of the case to determine whether such an exemption for bodily injury is appropriate. *See Chaney*, 151 B.R. at 149 (allowing the exemption for a debtor who suffered

a total and permanent disability as a result of an automobile accident, including complications from a necessary post-accident spinal surgery); *Haga*, 48 B.R. at 495 (allowing the exemption for a carpenter who suffered an injury resulting in 100% disability and requiring past and future surgeries); *Ford Motor Credit Co. v. Territo (In re Territo)*, 36 B.R. 667, 670 (Bankr. E.D.N.Y. 1984) (allowing the exemption for a debtor who suffered a back injury requiring extensive hospitalization and rehabilitation).

The parties do not dispute that when the Debtor agreed to and subsequently received the Settlement, he was not represented by counsel with respect to the accident. The Release itself is a form document which does not specify an amount attributable to bodily injury but does include any personal injuries received. *See* TRIAL EX. 3. At trial, the Debtor testified as to the events of the accident, stating that he had been riding his bicycle on the right-hand side of the road when the automobile hit him from the side, throwing him from the bicycle to the left-hand side of the road, where he landed on his left side tailbone. Following impact, the Debtor stated that he crawled to the median, where he remained until the ambulance arrived and took him to the emergency room for treatment. The Debtor further testified that, as a result of the accident, he suffered many bruises and scrapes, a bruised tailbone, and a very stiff and sore lower back; however, luckily, his only permanent injury from the accident is a scar on his right ankle. Otherwise, the Debtor stated that he has recovered from the collision.

As previously stated, exemptions enjoy a presumption of correctness, and the Trustee bears the burden of proving otherwise. Based upon the testimony of the Debtor, which was

not rebutted, the court finds that the Trustee has not met his burden of proof that the Debtor is not entitled to exempt the $1,657.10 as payment for bodily injuries sustained as a result of the April 9, 2004 accident, pursuant to Tennessee Code Annotated section 26-2-111(2)(B). The Debtor's testimony clearly evidenced that he was injured during the accident. The parties have stipulated that he incurred medical expenses of approximately $1,392.90, and even though he did not require any formal follow-up treatments following the accident, the Debtor testified that his father is a licensed physician's assistant, whom he was able to rely upon to answer questions following the accident. Additionally, the Debtor, who is an amateur cyclist, testified that his lower back and tailbone were so sore that he was unable to sit on a bicycle seat for approximately two months following the accident. Although the Trustee did not meet his burden of proof to shift the burden to the Debtor, the Debtor's testimony sufficiently convinces the court that he did, in fact, suffer a physical injury. Accordingly, the Debtor is entitled to his claimed exemption of $1,657.10.[8]

An Order consistent with this Memorandum will be entered.

FILED: August 18, 2005

> BY THE COURT
>
> /s/ RICHARD STAIR, JR.
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE

---

[8] *See supra* n. 1.